CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 12 2019
JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL MOORE, | ) | |
| Petitioner, | ) | Civil Action No. 7:19cv00575 |
| v. | ) | **MEMORANDUM OPINION** |
| LEU, | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Michael Moore, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his housing assignment. Having reviewed his petition, I conclude that Moore's claim is not properly raised in a § 2241 petition and, therefore, dismiss the petition without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases.

Moore alleges that he is being housed in the Special Housing Unit ("SHU") at the United States Penitentiary in Lee County, Virginia, in violation of an Executive Order which states that inmates may not be housed in SHU for more than sixty days. He also claims that a unit manager advised him that he will remain housed in SHU until December 6, 2019, when he is scheduled to be released from incarceration. As relief, Moore seeks transfer to a general population unit at another institution.

A habeas petition under § 2241 shall not issue to a federal prisoner unless the court concludes that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). The core of a habeas corpus action is a request to get out of jail immediately, or sooner than currently scheduled. See Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). "[C]onstitutional claims that merely challenge the conditions of a [federal] prisoner's confinement . . . fall outside of that core" and must be raised in a civil action, pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See Nelson v.

Campbell, 541 U.S. 637, 643 (2004); see also Muhammad v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus," whereas "requests for relief turning on circumstances of confinement may be presented" in a civil rights action); Moore v. Driver, No. 1:07cv166, 2008 U.S. Dist. LEXIS 85896, at *7, 2008 WL 4661478, at *3 (N.D. W. Va. Oct. 21, 2008) (a claim regarding custody classification cannot be raised in the context of a § 2241 petition).

In his § 2241 petition, Moore does not allege any ground on which he is entitled to a shorter term of confinement. Because the core of his complaint does not concern the fact or duration of his incarceration, his claim is not properly before me as a habeas claim under § 2241. Therefore, I will dismiss Moore's habeas petition without prejudice for failing to state a claim upon which the requested relief can be granted.[1]

**ENTERED** this 12th day of September, 2019.

SENIOR UNITED STATES DISTRICT JUDGE

---

[1] I decline to construe Moore's petition as a complaint pursuant to Bivens because his allegations are insufficient to state a claim against any defendant. See West v. Atkins, 487 U.S. 42 (1988) (to state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law); see, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (noting a plaintiff's basis for relief "requires more than labels and conclusions . . . ."). Further, courts have long held that a prison inmate has no interest of constitutional magnitude in either his security classification or his place of confinement. Olim v. Wakinekona, 461 U.S. 238, 345-46 (1983); Meachum v. Fano, 427 U.S. 215, 225 (1976). I note, however, that dismissal of this § 2241 petition is without prejudice to Moore's opportunity to file a Bivens action naming defendants and specifically describing how each defendant violated his federal rights.